NANCY M. PERKINS, Appellant, v. JOSEPH F. HEISER, Adm'r, Respondent.

Kansas City Court of Appeals, March 4, 1889.

Marshalling Assets: CASE ADJUDGED. A. was owner of lots one, his homestead, and six. In June he borrowed of plaintiff thirteen hundred dollars to improve lot six, and with his wife gave a deed of trust on both lots to secure said loan. In September, he borrowed of plaintiff, for the same purpose, seven hundred dollars more ; and, with his wife, gave a second deed of trust on both lots containing a provision that all money thereafter borrowed of plaintiff on note, to complete said improvement, should be considered liens prior to any filed subsequent to the dates of said trust deeds. On October 3, A. secured of plaintiff the further sum of two hundred dollars on note. On October 22, he made a voluntary conveyance of both lots to his wife and died on the twenty-fourth. On November 13, A.'s widow obtained of plaintiff three hundred dollars to be expended on said building, then partially completed, and it was stipulated that said sum was to be a charge upon said lot six only, and not on the widow or her other property. In February following, C. brought suit to enforce a mechanic's lien against said improvement making plaintiff and the defendants herein defendants therein, and obtain judgment enforcing his lien and declaring it prior to any and all liens of plaintiff. In August plaintiff sold lot six under the thirteen hundred dollars' deed, and bid it in for twenty-three hundred dollars. On petition of plaintiff against the administrator and widow of A., and the trustee in trust deeds, to have said twenty-three hundred dollars appropriated on the foregoing liens and debts, *held*—

(1) That no part thereof should be applied to the payment of C.'s mechanic's lien, as it was a first lien, and plaintiff must have so estimated it in making her bid.

(2) That neither the proposition that if one creditor, by virtue of a lien, can resort to two funds, and another to one of them only, the former must seek satisfaction out of the fund which the latter cannot touch ; nor the other proposition (which is not approved nor disapproved as a correct statement of an equitable rule in marshalling assets), that when a creditor has a lien on two funds to secure his debt, one of which is exempt from debt (as a homestead), the creditor shall be first compelled to exhaust the fund not exempt, is fully applicable to the facts of this case.

(3) That said fund be applied as follows : First, to the payment of the thirteen hundred dollars and the expense of the sale, second, to the payment of the three hundred dollars obtained November 13, third, to the payment of the two hundred dollars and interest borrowed October 3, and, fourth, to the balance on the seven hundred dollars borrowed in September.

(4) The amount remaining unpaid on the seven hundred dollars will be the amount for which foreclosure is sought against lot one.

*Appeal from the Caldwell Circuit Court.*—Hon. James M. Davis, Judge.

Reversed (*with instructions*).

*Crosby Johnson*, for appellant.

*Smith v. Phelps*, 63 Mo. 585 ; Pom's Eq. 1240-1243 ; *Whitehead v. Church*, 15 N. J. Eq. 135 ; *McPhee v. Guthrie*, 51 Ga. 83 ; *Sertz v. Railroad*, 16 Kan. 133 ; *Mfg. Co. v. Gapen*, 22 Mo. App. 397 ; *Hamilton v. Schwehr*, 34 Md. 107 ; *Turner v. Flinn*, 67 Ala. 529 ; *Barger v. Grieff*, 55 Md. 518 ; *McQuaide v. Stewart*, 48 Pa. St. 198 ; *Small v. Older*, 57 Iowa, 3 ; *Livermore v. Eldridge*, 33 Mo. 428 ; *Bank v. Chickering*, 4 Pick. 314 ; Thompson on Homesteads, secs. 656-663 ; *Searle v. Chapman*, 121 Mass. 19 ; *Chapman v. Lester*, 12 Kan. 592 ; *Worth v. Hill*, 14 Wis. 559 ; *Hall v. Morgan*, 79 Mo. 47.

*C. S. McLaughlin*, for respondent.

The property was sold under the deed of trust securing the thirteen-hundred dollar claim and the situation of the property, and the prior incumbrances upon it, controlled and fixed the price at which it was sold. *Heilwig v. Hilcamp*, 20 Mo. 562. There was no stipulation or agreement at the time of the trustee's sale that the proceeds of such sale were to be used in paying prior incumbrances. In *Scott v. Shy*, 53 Mo. 478, it was decided

that the trustee could not apply the proceeds of the sale of property under a deed of trust to the payment of prior incumbrances. *Schmidt v. Smith*, 57 Mo. 135. It was the duty of the trustee to pay the liens upon the property in the order in which they have priority as follows : First, the thirteen-hundred dollar claim ; second, the seven-hundred dollar claim ; third, the two-hundred dollar claim. *Heilwig v. Hilcamp*, 20 Mo. 569. Where a party asks the equitable aid of a court he must be willing to do equity. The case of *Colby v. Crooker*, 17 Kan. 527, decides that the grant of a specific lien, upon the homestead to secure a debt, does not amount to such a waiver of the homestead right that an unsecured creditor can procure it to be sold in a proceeding for the marshaling of assets. *McLaughlin v. Hart*, 46 Cal. 639 ; *Brown v. Coyard*, 68 Ill. 180 ; *McArthur v. Martin*, 23 Minn. 80 ; also 45 Ala. 168. The homestead law in this state has always been liberally construed in favor of the claimant. *Vogler v. Montgomery*, 54 Mo. 577 ; *Casebolt v. Donaldson*, 67 Mo, 308 ; *Riecke v. Westenhoff*, 85 Mo. 642.

ELLISON, J.—On the twenty-eighth day of June, 1883, Eli Gapen, now deceased, borrowed of the appellant the sum of thirteen hundred dollars, for which sum he gave appellant his note, and to secure the payment thereof, Eli Gapen and his wife, Cora U. Gapen, gave to the appellant their deed of trust upon lot 6, block 3, and also upon their homestead, described as the east half of lot 1, in block 3, in Young's addition to Kingston.

On September 15, 1883, Gapen borrowed the further sum of seven hundred dollars of the appellant, and he and his wife gave a second deed of trust on the same property, to secure the payment thereof. The second deed of trust contained this additional clause : "It is

further agreed that in case the said Eli Gapen shall obtain on note any further sums of money from the said Nancy M. Perkins, in order to inclose or finish the building being erected on lot 6, in block 3, in the town of Kingston, the said loans made by said Perkins on note shall be considered and treated by the said Gapen as prior liens to any and all liens on said building, which may be filed subsequently to the deeds of trust dated June 28, and September 15, 1883, or while the loans obtained on note remain unpaid and not satisfied in full." Said two loans were made to said Gapen to be used by him in constructing a building on said lot 6.

On October 8, 1883, the appellant loaned Eli Gapen the further sum of two hundred dollars on note.

In said deeds of trust William Wilmot was named as the trustee.

That about October 18, 1883, Eli Gapen was fatally injured, and that on October 22, 1883, said Eli Gapen by a voluntary conveyance conveyed all of said real estate to B. F. Klepper, who, on the same day, conveyed said property to said Cora U. Gapen.

That on October 24, 1883, Eli Gapen died.

That on November 13, 1883, Cora U. Gapen obtained of appellant the sum of three hundred dollars, to be used in the construction of the building then partially completed situated on said lot 6, and for such money said Cora U. Gapen gave the appellant a statement of indebtedness in words as follows :

"KINGSTON, Mo., Nov. 13, 1883.

"Received of Nancy M. Perkins, the sum of three hundred dollars, to be expended in the construction of a building on lot 6, block 3, in Kingston, said sum shall be a charge and lien on said building and lot, and shall bear interest from date hereof at ten per cent. per annum.

"And it is hereby stipulated between Mrs. Perkins and myself that she shall look to said lot and building

alone for the payment hereof; and that nothing herein contained shall make me or my property, other than the said building and lot, answerable for said sum or interest; the above sum shall not be due or collectable until one year from the date hereof.

"( Signed )          CORA U. GAPEN."

That in February, 1884, Ambrose Manufacturing Company brought suit in the circuit court of Caldwell county, to enforce a mechanic's lien against said building on lot 6 ; that in said suit all of the parties to this suit were made defendants; that judgment was duly rendered in favor of said company enforcing their lien, and that such lien was decided to be prior to any and all liens of appellant.

That on the twenty-fifth day of August, 1884, said lot six was sold under said thirteen-hundred dollar deed of trust at public sale to the appellant for the sum of twenty-three hundred dollars.

The appellant brings this suit asking that said twenty-three hundred dollars be appropriated as follows: First, in payment of the thirteen hundred dollar claim and costs of sale; second, the claim of Ambrose Manufacturing Company ; third, the Cora U. Gapen certificate ; fourth, the two-hundred dollar note ; fifth, the balance, if any, on the seven-hundred dollar note. The trial court by its judgment and decree, appropriated said twenty-three hundred dollars as follows: First, in payment of thirteen-hundred dollar claim ; second, the seven-hundred dollar claim ; and the remainder on the two-hundred dollar claim.

The main points of difference between the parties is as to the disposition to be made of the Ambrose Manufacturing Company's mechanic's lien judgment and the Cora Gapen certificate for three hundred dollars.

Plaintiff, having purchased the property at the sale under her first.deed of trust, has no right to have any portion of the surplus arising from that sale applied to the payment of the mechanic's lien judgment. That

was a prior lien to the deed of trust and I take it that her purchase was made in view of the fact that the property was subject to such incumbrance and that she took it in estimate when she made her bid at the sale.

Two propositions have been discussed by counsel, as furnishing the equitable guide to a proper solution of the question presented. One is, that : If one creditor, by virtue of a lien, can resort to two funds, and another to one of them only, the former must seek satisfaction out of that fund which the latter cannot touch. The other is, that : When a creditor has a lien on two funds to secure his debt one of which is exempt from debt ( as a homestead ), the creditor shall be first compelled to exhaust the fund not exempt.

Without approving or disapproving the latter proposition, as containing a correct statement of an equitable rule, I think that neither of the propositions are fully applicable to the peculiar facts of this case.

All these debts were made in the improvement of the property, from the sale of which the fund in dispute has arisen, and which improvement, it may be said, was the chief value of the property ; and are owing to the same creditor and all due from the same debtor. For though the three-hundred dollar debt is evidenced by the certificate and mortgage of Cora U. Gapen, yet she assumes no personal responsibility thereon, and simply, as the grantee in a voluntary conveyance from her husband, creates a debt against the property.

This three hundred dollars, was loaned to be put into the improvement on this lot, and it seems to me that this fact should receive consideration and weight in an equitable distribution of the funds arising from the sale of the lot. We may well say that this loan added three hundred dollars to the selling price of the lot. So if we apply the proceeds of that sale, first to the payment of the plaintiff's other claims which are also a lien on the other lot, we have the singular feature of the

plaintiff contributing money with which to pay herself her debtor's debt ; and that debt too, one already secured on other property. And if this other property be the homestead of Mrs. Gapen, she is asking, in effect, that Mrs. Perkins contribute three hundred dollars to the discharge of the mortgage on such homestead. If after borrowing the three hundred dollars, under the agreement to expend it " in the construction of a building on . lot 6," Mrs. Gapen had concluded not to put it into such improvement and paid it back to Mrs. Perkins with the request that she credit it on the notes secured on the other property, could Mrs. Perkins have been compelled to do this ? And yet this is what we are asked to do in an indirect way.

The foregoing view of this case makes it unnecessary to consider the interesting question, which has been argued, as to how the homestead right may figure in the marshalling of assets consequent upon the conflicting claims and interests of creditors, and of debtors. Or what superior equity, if any, a homestead debtor may have.

We will reverse the judgment and remand the cause with directions to the circuit court, that, in adjusting the rights of the parties to the fund in question, the amount secured by the first deed of trust, and the expense of sale thereunder, be first paid.

Second. That the indebtedness evidenced by the certificate of Cora U. Gapen be next paid. Third. That the two hundred dollars and interest, borrowed October 8, 1883, be next paid ; and, fourth, that the balance be applied on the note of seven hundred dollars, borrowed September 15, 1883. The amount remaining unpaid of the seven hundred dollars, will be the amount for which foreclosure is sought against the east half of lot 1, in block 3, in Young's addition to Kingston. The other judges concur.